UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RIGOBERTO CASTRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:14-cv-00967-LJM-MJD |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Rigoberto Castro for relief pursuant to 28 U.S.C. § 2255 must be **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

On June 14, 2006, Castro was charged in a three-count Indictment with offenses related to dealing cocaine. Castro pled guilty to Count Three of the Indictment and went to trial on Counts One and Two on October 30, 2006. The jury found him guilty on Count Two, but was unable to reach a verdict as to Count One and that Count was dismissed. Castro was sentenced on December 19, 2006 and Judgment was entered on December 21, 2006. Castro appealed and the judgment was affirmed on May 12, 2008. *United States v. Castro*, 277 Fed. Appx. 603 (7th Cir. 2008).

Castro filed a motion for relief pursuant to 28 U.S.C. § 2255 on April 3, 2009, in which he alleged, among other things, that his counsel was constitutionally ineffective at trial, during the plea process, and at sentencing. *See Castro v. United States*, No. 1:09-cv-419-LJM-MJD. Castro's § 2255 motion was denied on July 24, 2012, and the Seventh Circuit denied a certificate of appealability.

On June 5, 2014, Castro filed a "Motion to Compel the United States to File a Motion for Departure to Reduce Sentence." This Court directed that the motion be treated as a motion for relief pursuant to 28 U.S.C. § 2255. The present action was opened and the United States was ordered to respond.

## II. Discussion

The United States argues, among other things, that the present § 2255 motion must be dismissed because it is an unauthorized successive § 2255 motion. Castro has not responded.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner must have permission from the Court of Appeals under 28 U.S.C. ' 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). The disposition of the prior ' 2255 action in No. 1:09-cv-00419-LJM-MJD was an adjudication "on the merits" for the purpose of triggering the requirements of 28 U.S.C. ' 2244(b). Castro has not received authorization from the Court of Appeals to file a successive ' 2255 motion. With the prior ' 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed. Judgment consistent with this Entry shall now issue.

### III. Conclusion and Certificate of Appealabiltiy

For the reasons explained above, Castro is not entitled to relief on his § 2255 motion. Accordingly, this action is **dismissed**. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:06-cr-00092-LJM-DKL**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Castro has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: January 27, 2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rigoberto Elizarraras Castro
08224-028
Adams County Correctional Institution
P.O. Box 1600
Washington, MS 39190

All electronically registered counsel